IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WADE WERTHE, *et al.*,           )
                                 )
         Plaintiffs,             )
                                 )
v.                               )  Civil Action No. 3:20-cv-90-HEH
                                 )
ALTMAN, *et al.*,                )
                                 )
         Defendants.             )

## MEMORANDUM OPINION
(Granting Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiffs' Complaint and Denying Plaintiffs' Motions as Moot)

This matter is before the Court on Heike Polumbo ("Polumbo") and John Altman, Jr.'s ("Altman") (collectively "Defendants") Rule 12(b)(6) Motion to Dismiss Plaintiffs Wade Werthe and Jean Werthe's (*pro se* "Plaintiffs") Complaint filed on July 07, 2020 (ECF No. 6).[1] Defendants allege Plaintiffs failed to state a claim upon which relief can be granted as Plaintiffs' claims are time-barred by the statute of limitations. The parties have submitted memorandum in support of their respective positions, and the Motion is now ripe for the Court's review. For the reasons stated below, the Motion to Dismiss Plaintiffs' Complaint will be granted.

---

[1] Plaintiffs filed a Motion for Default Judgment (ECF No. 12), claiming that Defendants did not file their response within twenty-one days. However, Defendants received an extension of time from this Court, making their motion to dismiss timely. Therefore, the Court will deny Plaintiffs' Motion for Default Judgment as moot.
  Plaintiffs additionally filed a Motion for Summary Judgment on September 8, 2020 (ECF No. 15). However, as the Court will grant the Motion to Dismiss, the Motion for Summary Judgment will be denied as moot.

On February 12, 2020, Plaintiffs filed a Motion to Proceed *In Forma Pauperis* under an action pursuant to 42 U.S.C. § 1983, claiming Defendants violated their constitutional rights by unlawfully seizing their property in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments and the Fourth Amendment's protection from unreasonable searches and seizures. (ECF No. 1-1 at 4.) Plaintiffs contend that, on July 5, 2017, Polumbo—the Zoning Inspector for the City of Hopewell—arrived at Plaintiffs' property and unlawfully "stole" their business vehicle. (ECF No. 1-1 at 7.) Polumbo allegedly never gave Plaintiffs information on the location of their vehicle and ordered that their vehicle be destroyed by falsifying a Vehicle Removal Certificate, VSA 40 form, on October 31, 2017. (*Id.* at 7–8.) Plaintiffs then communicated with Altman—the City Manager for the City of Hopewell—that they believed Polumbo stole their vehicle and the City of Hopewell Police Department ("Department") did not write a police report for the theft. (*Id.* at 4–5.) Plaintiffs assert that Altman did "nothing" upon receipt of this information and trained Polumbo to create a "vehicle stealing crew." (*Id.*)

After Plaintiffs' Motion to Proceed *In Forma Pauperis* was granted (ECF No. 2)[2], Defendants thereafter filed a Rule 12(b)(6) Motion to Dismiss Plaintiffs' Complaint. Defendants contend that Plaintiffs' claim is time-barred as Plaintiffs filed their Complaint on February 12, 2020, when the injury happened on July 5, 2017, exceeding the two-year statute of limitations period under Virginia law. (ECF No. 7 at 7.)

---

[2] Plaintiffs' claims against the Department and Sandra R. Robinson—the City of Hopewell Attorney—were dismissed from this action without prejudice. (ECF No. 2.)

2

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citation omitted)). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Generally, the district court does not consider extrinsic materials when evaluating a complaint under Rule 12(b)(6). The court may, however, consider "documents incorporated into the complaint by reference," *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), as well as documents attached to a motion to dismiss, so long as they are integral to or explicitly relied upon in the complaint, and the authenticity

3

of such documents is not disputed. *United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

The Court also acknowledges that *pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Court, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleading to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Services.*, 901 F.2d 387, 390-91 (4th Cir. 1990). As the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

When reviewing a 12(b)(6) motion, the Court "generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred," however, the Court may consider an affirmative defense when there are sufficient facts alleged in the complaint to address the issues raised. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). In their Motion to Dismiss, Defendants assert that Plaintiffs' claims are time barred because the statute of limitations on the underlying claim has expired. The Court agrees with Defendants that Plaintiffs' suit is time barred, and therefore, the Motion will be granted.

In *Wilson v. Garcia*, the Supreme Court held that, as Congress did not set forth a statute of limitations period, § 1983 claims are uniformly treated as personal injury claims for statute of limitation purposes regardless of the underlying constitutional issue. 471 U.S. 261, 280 (1985). Consequently, federal courts turn to state law to determine the applicable statute of limitations period. *Owens v. Okure*, 488 U.S. 235, 241–42 (1989) (stating that federal courts should apply a state's personal injury statute of limitations for a § 1983 claim). However, federal law governs the question of when a cause of action accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). In general, the statute of limitations begins to run when a plaintiff knows or has reason to know of his injury. *Id.* at 391–92.

Here, the alleged violation of constitutional rights took place in Virginia. Under Virginia law, the statute of limitations for a personal injury action is two years. Va. Code Ann. § 8.01-243. Thus, the relevant statute of limitations period is two years. *See id.*; *Owens*, 488 U.S. at 241–42. Plaintiffs' cause of action accrued on July 5, 2017, the day that their vehicle was towed. This is the day when, due to the missing vehicle, Plaintiffs knew or should have known that an injury had occurred. *See Wallace*, 549 U.S. at 388. Plaintiffs were required to file the initial complaint in this Court on or before July 5, 2019. Plaintiffs' did not file until February 12, 2020, and, therefore, this suit is time-barred as it is past the time provided under Virginia law. *See* § 8.01-243. Thus, the Court will grant the Motion to Dismiss as the claims are time-barred.

Accordingly, the Court finds Plaintiffs failed to state a claim of relief as Plaintiffs' claims are time-barred under Virginia's statute of limitations. Accordingly, Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiffs' Complaint (ECF No. 6.) will be granted, and

Plaintiffs' Motion of Request for Entry as to Default Judgment (ECF No. 12.) and for Summary Judgment (ECF No. 15) will both be denied as moot.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: SEPT. 14, 2020
Richmond, Virginia